# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MICHAEL A. TURCHIN,<br><br>Debtor.<br><br>STEVEN BERKOWITZ,<br><br>Appellant,<br><br>v.<br><br>MICHAEL A. TURCHIN,<br><br>Appellee. | Case No. CV 16-06160-AB<br><br>Bankr. Case No. 2:16-bk-13147-BR<br><br>Adversary Case No. 2:16-ap-01281-BR<br><br>**AMENDED OPINION** |

Appeal from the United States Bankruptcy Court
for the Central District of California.
Hon. Barry Russell, Bankruptcy Judge, Presiding.
**Reversed.**

In this bankruptcy appeal, Appellant-Creditor Steven Berkowitz ("Appellant" or "Berkowitz") contends the Bankruptcy Court erred in denying his Motion to Allow Inadvertent Late Filing of Objection To Discharge and Complaint to Determine Non-Dischargeability of Debt, entered on August 4, 2016. Dkt. No. 1. Berkowitz's non-dischargeability complaint was filed one day late due to a delay caused by Federal Express. In the underlying proceeding, the Bankruptcy Court held that the time limitations for filing a non-dischargeability complaint appeared to be jurisdictional, but to the extent equitable powers could extend the deadline, they are limited to situations where a court misleads a party.

On October 25, 2016, Berkowitz filed his opening brief. Dkt. No. 10. On November 23, 2016, Appellee-Debtor Michael A. Turchin ("Appellee" or "Turchin") timely filed his opposition. Dkt. No. 11. On December 7, 2016, Berkowitz timely filed his reply. Dkt. No. 14. This Court has jurisdiction to hear the appeal under 28 U.S.C. section 158(a). After considering the papers filed in connection with the appeal, the Court finds this matter appropriate for resolution without oral argument. Fed. R. Bank. P. 8019(b)(3). For the reasons discussed below, the Court **REVERSES** the Bankruptcy Court's order.

**I.     BACKGROUND**

On March 11, 2016, Turchin filed a voluntary petition for Chapter 7 bankruptcy in the Central District of California. (ER[1] 130-177.) That same date, the Bankruptcy Court scheduled the meeting of creditors for April 11, 2016. (*Id.* at 183-185.) Thus, the deadline for filing a complaint to determine the dischargeability of a claim under 11 U.S.C. § 523(c) was June 10, 2016. *See* Fed. R. Bankr. P. 4007(c).

Prior to the bankruptcy proceedings, on November 5, 2015, Berkowitz obtained a judgment from the District Court for Pitkin County, Colorado in his favor and against Turchin in the amount of $624,822.53 ("State Court Judgment"). (*Id.* at

---

[1]     All citations to "ER" refer to Appellant's Appendix to his Opening Brief.

2

39-48.) Berkowitz sought to challenge the dischargeability of the State Court Judgment based on 11 U.S.C § 523(a), which excepts from discharge debts obtained by fraud. (*Id.* at 35-54.) On June 9, 2016, Berkowitz transmitted an Objection to Discharge and Complaint to Determine Non-Dischargeability of Debt to Federal Express in Colorado for guaranteed overnight delivery by June 10, 2016 to the Bankruptcy Court in Los Angeles. (*Id.* at 64, ¶¶ 3-7.) Due to a handling error by Federal Express, the non-dischargeability complaint was delivered to the Bankruptcy Court on June 13, 2016, one business day late. (*Id.* at 107.)

On June 17, 2016, Berkowitz filed a Motion to Allow Inadvertent Late Filing of Objection To Discharge and Complaint to Determine Non-Dischargeability of Debt. (*Id.* at 56-67.) On July 12, 2016, Turchin filed an opposition. (*Id.* at 73-89.) On July 18, 2016, Berkowitz filed a reply. (*Id.* at 92-107.) On July 26, 2016, a hearing was held on Berkowitz's motion, at which time the Bankruptcy Court denied the motion. (*Id.* at 109-124.) The Bankruptcy Court held that to the extent Rule 4007(c) was not jurisdictional, it was bound by Ninth Circuit authority, *In re Marino*, 37 F.3d 1354, 1358 (9th Cir. 1994), which limited extensions under Rule 4007(c) "to situations where a court explicitly misleads the party." (*Id.* at 112, 117-118.) On August 4, 2016, the Bankruptcy Court issued its order denying Berkowitz's motion to allow the late filing of the non-dischargeability complaint. (*Id.* at 8-9.) On August 17, 2016, Berkowitz filed a notice of appeal. Dkt. No. 1.

**II.   LEGAL STANDARD**

District courts have jurisdiction to hear appeals from, *inter alia,* "final judgments, order, and decrees" of the bankruptcy courts. 28 U.S.C. § 158(a)(1); *see also* Fed. R. Bankr. P. 8005. "When reviewing a decision of a bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *In re Guadarrama,* 284 B.R. 463, 468 (C.D.Cal. 2002). "The bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo." *In re Strand,* 375 F.3d

854, 857 (9th Cir. 2004).  The scope of the exercise of equitable power is reviewed de novo, and the exercise of equitable power is reviewed for an abuse of discretion. *In re Sasson*, 424 F.3d 864, 867 (9th Cir. 2005).  "A bankruptcy court necessarily abuses its discretion if it bases its ruling 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *In re Staffer*, 262 B.R. 80, 82 (B.A.P. 9th Cir. 2001) (citation omitted).

### III.   DISCUSSION

The issue on appeal is whether the Bankruptcy Court erred in refusing to permit the non-dischargeability complaint to proceed in spite of its untimely filing when the delay occurred due to a failure of Federal Express.

Under Fed. R. Civ. P. 4007(c), "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c).  The court may enlarge the deadline under Rule 4007(c) if a request is made before the 60-day expiration period.  *Id.*; *see also* Fed. R. Bankr. P. 9006(b)(3).  Although the Ninth Circuit has construed the requirements of Rule 4007(c) strictly, Rule 4007(c) is not jurisdictional.  *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004) ("[T]he filing deadlines prescribed in Bankruptcy Rules . . . are claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate."); *see also In re Santos,* 112 B.R. 1001, 1006 (B.A.P. 9th Cir. 1990) ("[W]e determine that the deadlines for filing dischargeability complaints and objections to discharge set forth in Rules 4007(c) and 4004(a) are not jurisdictional time limits.").

The Ninth Circuit has allowed "an exception to Rule 4007(c)'s time limit for 'unique' or 'extraordinary' circumstances." *In re Kennerley*, 995 F.2d 145, 147 (9th Cir. 1993); *Anwar v. Johnson*, 720 F.3d 1183, 1188 (9th Cir. 2013) ("[A]bsent unique and exceptional circumstances . . . we do not inquire into the reason a party failed to file on time in assessing whether she is entitled to an equitable exception from FRBP 4007(c)'s filing deadline"); *Willms v. Sanderson*, 723 F.3d 1094, 1103

(9th Cir. 2013) ("On occasion, we have suggested that unique or extraordinary circumstances might allow an untimely § 523(a)(2) complaint to stand.") (internal quotations and citations omitted); *In re Anwiler*, 958 F.2d 925, 929 (9th Cir. 1992) ("It would be very harsh indeed to deny equitable relief in cases where the delay in filing is not due to the fault of either party.").

However, the Court believes that the Ninth Circuit has not limited the application of the unique or extraordinary circumstances doctrine to situations where the court misleads a party. (ER 112, 117-118.) In *Anwar*, a case decided after *In re Marino*, the Ninth Circuit left open the possibility of relief due to "external forces that prevented any filings -- such as emergency situations, the loss of the court's own electronic filing capacity, or the court's affirmative misleading of a party." *Anwar*, 720 F.3d at 1188 n.6; *see also In re Schwartz*, 592 F. App'x 605, 605-606 (9th Cir. 2015) (finding "unique and exceptional circumstances" doctrine might warrant relief from Rule 4007(c) time limits if "an emergency situation prevented the filing, or that a court explicitly misled [a party]").

The Court therefore finds the Bankruptcy Court's refusal to reconsider Berkowitz's non-dischargeability complaint, based on its assumption that it lacked authority to do so, was an abuse of discretion. It is undisputed that Berkowitz deposited the non-dischargeability complaint with Federal Express the day before it was due for guaranteed next day delivery. (ER 64, ¶¶ 3-7.) As the Bankruptcy Court noted in the underlying proceedings, the delayed delivery of the non-dischargeability complaint "was clearly not [Berkowitz's] fault; it was somebody else's." (*Id.* at 112-113.) Berkowitz had done all that reasonable diligence requires. In the absence of the "handling error" of Federal Express, the non-dischargeability complaint would have been filed on time. (*Id.* at 107.) Under these circumstances, the Court finds the untimely filing is attributable not to Berkowitz, but rather an "external force" that falls into the realm of "unique and extraordinary"

5

circumstances.  Accordingly, the Court concludes that relief is appropriate and reverses the decision of the Bankruptcy Court.

### IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's order is **REVERSED** and the case is **REMANDED** with instructions to reinstate Berkowitz's non-dischargeability complaint.

**IT IS SO ORDERED.**

DATED: March 8, 2017

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

cc: Bankruptcy Court